UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PAUL A. VOHWINKEL,

                                    Plaintiff,

         v.                                                         **DECISION AND ORDER**
                                                                      05-CV-37S

PEMBROKE CENTRAL SCHOOL DISTRICT,

                                    Defendant.


## I.  INTRODUCTION

         Plaintiff Paul A. Vohwinkel commenced this employment discrimination action under

the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. ("ADEA"), Title VII of

the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), and § 296 of the New

York Human Rights Law ("NY HRL") on January 20, 2005, by filing a Complaint in the

United States District Court for the Western District of New York.  Defendant Pembroke

Central School District filed its Answer on February 22, 2005.

         Presently before this Court is Defendant's Motion for Summary Judgment (Docket

No. 12), to which Plaintiff has failed to respond.  For the reasons stated below, this case

will be dismissed pursuant to Rule 41 of the Federal Rules of Civil Procedure due to

Plaintiff's failure to prosecute this action.  Alternatively, Defendant's Motion for Summary

Judgment will be granted as uncontested pursuant to Local Rule 7.1(e).

## II.  BACKGROUND

It appears from the docket that Plaintiff actively litigated this case through February 24, 2006, at which time it was determined that settlement was not possible.  (Docket No. 11.)  But after Defendant filed its Motion for Summary Judgment on April 26, 2006 (Docket No. 12), Plaintiff stopped prosecuting this case, despite being represented by two different attorneys.

After Defendant filed its Motion for Summary Judgment, the Honorable John T. Elfvin, the District Judge to whom this matter was previously assigned, entered three separate scheduling orders at Plaintiff's request setting deadlines of June 2, July 7, and September 1, 2006, for the filing of Plaintiff's response.  Plaintiff never responded to Defendant's motion.  Instead, on July 27, 2006, Plaintiff's counsel moved to withdraw as counsel on the basis that Plaintiff ignored his advice, refused to accept his recommendations, would not return his telephone calls, and refused to pay his legal bills.  (Moriarty Affidavit, Docket No. 21, ¶ 23.)

On August 29, 2006, Judge Elfvin granted Plaintiff's counsel's Motion to Withdraw and directed Plaintiff to retain new counsel within 60 days or be prepared to represent himself in this matter.  (Docket No. 23.)  A status conference was then held on October 27, 2006, at which time Judge Elfvin directed Plaintiff's new counsel, Patrick J. McDonnell,  to file a Notice of Appearance.  Mr. McDonnell advised Judge Elfvin at that time that he would file Plaintiff's opposition to Defendant's Motion for Summary Judgment within two weeks.  (Signor Affirmation, Docket No. 30, ¶ 5.)  Mr. McDonnell never filed opposition papers.

Judge Elfvin set a further status conference for November 24, 2006, but later cancelled the conference because Mr. McDonnell failed to file his Notice of Appearance as directed.  Further inquiry by the Court revealed that Mr. McDonnell had not been in contact with either Plaintiff or Defendant's counsel.  Judge Elfvin therefore issued an Order to Show Cause on November 27, 2006, directing Plaintiff to show cause why his case should not be dismissed for failure to prosecute.  (Docket No. 25.)

On December 4, 2006, Mr. McDonnell filed his Notice of Appearance on behalf of Plaintiff.  (Docket No. 29.)  On December 7, 2006, Mr. McDonnell filed an Affidavit in response to Judge Elfvin's Order to Show Cause requesting that the case not be dismissed.  (Docket No. 28.)  Judge Elfvin held a Show Cause hearing on December 22, 2006, and advised that he would not dismiss the case and would issue a new briefing schedule on Defendant's Motion for Summary Judgment.

On January 11, 2007, Judge Elfvin issued an Order noting that Mr. McDonnell had not adequately explained his failure to file responsive papers to Defendant's motion, but nonetheless finding that the case should not be dismissed for failure to prosecute.  (Docket No. 31.)  Judge Elfvin issued a new briefing schedule on January 16, 2007, which required Plaintiff to file his response to Defendant's Motion for Summary Judgment by March 16, 2007, and setting oral argument for March 23, 2007.

Plaintiff again failed to file his response to Defendant's motion as directed. Moreover, Mr. McDonnell failed to appear for the March 23, 2007 oral argument.  In light of Plaintiff's failure to appear, Judge Elfvin deemed Defendant's Motion for Summary Judgment submitted without opposition or oral argument.

3

But for the Order reassigning this matter to this Court on October 17, 2007 (Docket

No. 32), there has been no activity for more than one year, since March 23, 2007.


## III.  DISCUSSION

### A.    Dismissal under Rule 41(b) For Failure to Prosecute

Dismissal of this case is warranted pursuant to Rule 41(b) of the Federal Rules of

Civil Procedure, which provides that:

> [f]or failure of the plaintiff to prosecute or to comply with these
> rules or any order of court, a defendant may move for
> dismissal of an action or of any claim against the defendant.
> Unless the court in its order for dismissal otherwise specifies,
> a dismissal under this subdivision and any dismissal not
> provided for in this rule, other than a dismissal for lack of
> jurisdiction, for improper venue, or for failure to join a party
> under Rule 19, operates as an adjudication upon the merits.

FED. R. CIV. P. 41(b).

Where the defendants have not specifically moved for dismissal under Rule 41(b)

— such as in this case —  a court may nonetheless order dismissal *sua sponte*.  See Link

v. Wabash R.R. Co., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1982); Lyell

Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982).   In Link, the Supreme Court

noted that: "[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has

generally been considered an 'inherent power,' governed not by rule or statute but by the

control necessarily vested in courts to manage their own affairs so as to achieve the

orderly and expeditious disposition of cases."[1]  Link, 370 U.S. at 630-31.

---

[1]  This authority is of ancient origins.  Under English common law, dismissal for lack of
prosecution could be imposed if a plaintiff "suffer[ed] three terms to elapse without moving forward in the
cause."  United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 250 (2d Cir. 2004) (citing 3

Rule 41(b) does not define failure to prosecute.  But the Second Circuit has stated that failure to prosecute "can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." <u>Lyell Theatre</u>, 682 F.2d at 42.  Dismissal pursuant to Rule 41(b) falls within the court's discretion.  <u>See</u> <u>id.</u> at 42-43 ("the scope of review of an order of dismissal is confined solely to whether the trial court has exercised its inherent power to manage its affairs within the permissible range of its discretion").  It is, however, "a harsh remedy to be utilized only in extreme situations." <u>Harding v. Fed. Reserve Bank</u>, 707 F.2d 46, 50 (2d Cir. 1983) (quoting <u>Theilmann v. Rutland Hosp., Inc.</u>, 455 F.2d 853, 855 (2d Cir. 1972) (per curiam); <u>see</u> <u>also</u> <u>Chira v. Lockheed Aircraft Corp.</u>, 634 F.2d 664, 665 (2d Cir. 1980) (discussing the sanction of dismissal for failure to prosecute as "pungent, rarely used, and conclusive").

The following factors, none of which are dispositive, must be considered in determining whether dismissal for failure to prosecute is warranted: (1) the duration of the plaintiff's failures, (2) whether the plaintiff received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether an appropriate balance has been struck between alleviating the court's calendar congestion and protecting the litigants' due process rights, and (5) whether lesser sanctions would be appropriate.  <u>See</u> <u>United States ex rel. Drake v. Norden Sys., Inc.</u>, 375 F.3d 248, 255 (2d Cir. 2004);  <u>Nita v. Connecticut Dep't of Envtl. Prot.</u>, 16 F.3d 482, 485 (2d Cir. 1994));  <u>Feurtado v. City of New York</u>, 225 F.R.D. 474, 477 (S.D.N.Y. 2004) (quoting <u>Jackson v. City of New York</u>, 22 F.3d 71, 74 (2d Cir. 1994)).  In the present case,

---

William Blackstone, *Commentaries* *451 (Univ. Chicago Press 1979) (1768)).

these factors weigh in favor of dismissal.

**1.    Duration of Failures**

The relevant inquiry on this factor is twofold: (1) whether the plaintiff is at fault for failing to prosecute, and (2) whether the plaintiff's failures were of significant duration.  See Norden Sys., 375 F.3d at 255.

In this case, Plaintiff is solely at fault for failing to prosecute:  He did not cooperate with his first attorney, he has failed to comply with four court orders directing him to respond to Defendant's motion, and he has failed to communicate with his own counsel and this Court.  And with respect to duration, Plaintiff's inaction has caused unnecessary delay of approximately two years.  This is a failure of significant duration.  See Antonios A. Alevizopoulos & Assoc., Inc. v. Comcast Int'l Holdings, Inc., No. 99 Civ. 9311, 2000 WL 1677984, at *2 (S.D.N.Y. Nov. 8, 2000) (finding that delay of four months warranted dismissal).  Thus, this Court finds that this factor weighs in favor of dismissal.  All delay in this case is attributable to Plaintiff and is of significant duration.

**2.    Notice of Dismissal**

The Second Circuit requires that the plaintiff receive adequate notice that his case could be dismissed due to inaction.  See Martens v. Thomann, 273 F.3d 159, 180-81 (2d Cir. 2001).  In the present case, there can be no question that Plaintiff has been on notice that his failure to proceed with this action could result in dismissal.  In fact, Judge Elfvin issued an Order to Show Cause regarding failure to prosecute.  But despite receiving a reprieve from Judge Elfvin, Plaintiff again failed to file his response as directed.  Because Plaintiff was on notice that his case could be dismissed, this factor strongly weighs in favor

of dismissal.  See Lyell Theatre, 682 F.2d at 42-43 (Rule 41(b) dismissal upheld where plaintiff was warned that dismissal for failure to prosecute was possible).

### 3.     Prejudice to Defendants

The third factor requires an inquiry into whether the defendant has been prejudiced by the plaintiff's inaction.  "Prejudice to defendants resulting from unreasonable delay may be presumed, but in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionately greater."  Lyell Theatre, 682 F.2d at 43 (citations omitted).  In Lyell Theatre, the court presumed prejudice where the plaintiff on numerous occasions failed to file documents as directed by the court.  Id. at 39-40, 43.  Similar to the present case, the plaintiff in Lyell Theatre continued to ignore the court's orders even after he had been warned that he was risking dismissal.  Id. at 39.  Under Lyell Theatre, the prejudice to Defendants in this case may be presumed.  The delay has been significant; it has been more than two years since Defendant filed its Motion for Summary Judgment. Thus, this factor weighs in favor of dismissal.

### 4.     Balance between Calendar Congestion and Due Process Rights

The fourth factor requires the court to consider the balance between calendar congestion and the plaintiff's right to present his or her case.  See Norden Sys., 375 F.3d at 257.  In this regard, "'a court must not let its zeal for a tidy calendar overcome its duty to justice.'"  Feurtado, 225 F.R.D. at 480 (quoting Davis v. United Fruit Co., 402 F.2d 328, 331 (2d Cir. 1968)).  Plaintiff's inaction caused Judge Elfvin to prepare and file numerous scheduling orders and conduct several conferences.  Although this expenditure of judicial resources is wasteful, this Court cannot conclude that the overall effect on docket

congestion has been significant.

This Court further notes that Plaintiff has been afforded Due Process rights in that he has been provided numerous opportunities to comply with the Orders of this Court. Thus, Plaintiff's own failure to litigate this matter is not a denial of Due Process.  See Dodson v. Runyon, 957 F.Supp. 465, 470 (S.D.N.Y. 1997) ("any claim that plaintiff's due process rights were violated thus cannot prevail because the delay and resultant dismissal of plaintiff's case are of his own making"); cf. Feurtado, 225 F.R.D. at 480 (repeated failure to comply with court orders diminishes a plaintiff's right to present his claims).  Accordingly, this factor also weighs in favor of dismissal.

### 5.      Consideration of Lesser Sanctions

Finally, the Second Circuit requires district courts to consider whether lesser sanctions would sufficiently remedy any prejudice resulting from the plaintiff's inaction. See Norden Sys., 375 F.3d at 257.  Upon reviewing the entire record in this case, it is the opinion of this Court that Plaintiff has no intention of complying with this Court's Orders or properly litigating this case.  Plaintiff has repeatedly ignored directives by failing to file responses to Defendant's motion and failing to appear for court conferences.  Given the history of this case, this Court finds that any sanction short of dismissal would be ineffective.  See Smith v. Human Res. Admin. of New York City, 2000 WL 307367, at *3 (S.D.N.Y. Mar. 24, 2000) (finding lesser sanctions inappropriate where past court orders did not motivate the plaintiff to move the case forward); Alevizopoulos, 2000 WL 1677984, at 4 (finding lesser sanctions inappropriate based on repeated failures to comply with court orders).  Thus, this final factor also weighs in favor of dismissal.

Accordingly, this Court finds that dismissal of this case is warranted under Rule 41(b) for Plaintiff's failure to prosecute.

**B.     Local Rule 7.1(e)**

Alternatively, this Court finds it proper to grant Defendant's Motion for Summary Judgment under Local Rule 7.1(e), which provides as follows:

> upon any motion filed pursuant to Federal Rules of Civil Procedure 12, 56 or 65(a), the moving party shall file and serve with the motion papers a memorandum of law and an affidavit in support of the motion and the opposing party shall file and serve with the papers in opposition to the motion an answering memorandum and a supporting affidavit. *Failure to comply with this subdivision may constitute grounds for resolving the motion against the non-complying party.*

Local Rule 7.1(e) (emphasis added).

Defendant filed its Motion for Summary Judgment on April 26, 2006, more than two years ago.  Plaintiff, who has been represented by two different attorneys, was afforded at least four opportunities to respond to Defendant's motion.  Given the procedural history of this case and the fact that Plaintiff is represented by counsel, this Court finds that Plaintiff's repeated failure to file a response, especially after Judge Elfvin declined to dismiss the case for failure to prosecute on the basis of Plaintiff's counsel's assurance that responding papers would be filed within two weeks, warrants granting Defendant's Motion for Summary Judgment as uncontested pursuant to Local Rule 7.1(e).

## IV. CONCLUSION

For the reasons stated above, this case will be dismissed for failure to prosecute pursuant to Rule 41(b).  Alternatively, Defendant's Motion for Summary Judgment will be granted as uncontested pursuant to Local Rule 7.1(e).

## V.  ORDERS

IT HEREBY IS ORDERED, that this case is dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

FURTHER, that alternatively, Defendant's Motion for Summary Judgment (Docket No. 12) is GRANTED as uncontested pursuant to Local Rule 7.1(e).

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated:       May 12, 2008
             Buffalo, New York

                                                /s/William M. Skretny
                                                WILLIAM M. SKRETNY
                                                United States District Judge